## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**TONY ALLEN LOCASTRO**                                                                     **PLAINTIFF**

**VERSUS**                                                          **CAUSE NO.** 1:17cv187-MPM-RP

**WHITE COMMUNICATIONS, LLC**                                    **DEFENDANT**

                                                                                **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages under the Americans with Disabilities Act, as amended. The following facts support this action:

1.

Plaintiff TONY ALLEN LOCASTRO is an adult resident citizen of 130 Harden Chapel Road, Fulton, Mississippi 38843.

2.

Defendant WHITE COMMUNICATIONS, LLC is an Iowa corporation doing business in the State of Mississippi. Defendant may be served with process upon its registered agent, National Registered Agents, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

00320406.WPD

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. §1343, to redress claims arising under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.*

4.

While serving in the military, Plaintiff was electrocuted after which he was adjudged to be one hundred percent military-related disabled. His disability results from both physical and psychiatric harm resulting from his electrocution. Plaintiff's extreme anxiety resulting from his military-related injury causes him to be unable to be around people. Nevertheless, and despite his adjudication of disability, Plaintiff was able to work as a highly-skilled IT administrator. Because of Plaintiff's disability, it was necessary that he work from home.

5.

Besides his own disability, Plaintiff has an autistic child, which constitutes a disability within the meaning of the ADAAA.

6.

Plaintiff worked for two (2) years for Defendant from his Mississippi home even though Defendant's headquarters is in Iowa. Plaintiff worked out of his home since he is unable to be around people, and since he needs his wife's assistance in performing some of the clerical functions of his job.

7.

During the course of his employment, Plaintiff became friends with one of the owners of the Defendant, Jeff White. Mr. White began to pressure Plaintiff to move to Iowa largely because Mr. White simply wanted Plaintiff to be close to him and be his personal assistant. Plaintiff explained that he could not move to Iowa both because of his own disability and the harm this would cause his autistic child. Plaintiff is on a wide regimen of medications from the Veterans Administration, and changing Plaintiff's treatments from the VA in Tupelo, Mississippi to Iowa would be time-consuming, interrupting, and might cause Plaintiff grave medical harm. It was, therefore, necessary that Plaintiff be allowed to continue his employment from Mississippi.

8.

Defendant was unwilling to allow Plaintiff to continue to work from his home in Mississippi. This would have been a reasonable accommodation, and was the only way in which Plaintiff could retain his employment.

9.

Because Plaintiff was unable to move to Iowa, Defendant terminated his employment and contracted his work to a computer company (MPA). Thereafter, Defendant used as an excuse for Plaintiff's termination that it was selling a part of its business. In fact, Plaintiff's job function would have been retained, and Plaintiff's services were actually contracted to another company.

10.

Plaintiff has attempted to work since he lost his employment. Plaintiff has been unable to return to work, however, because the stress of his losing his employment, coupled with his other

existing anxiety and disabilities, has caused him to be mentally and physically unable to return to work. Plaintiff can only work in a stress-free environment, and can only work from home.

11.

Plaintiff has been discriminated against because of his own disability, and because of his association with a disabled person, his autistic child.

12.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendant's actions.

13.

The actions of Defendant toward Plaintiff have been outrageous such that punitive damages are due.

14.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

**REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 9th day of November, 2017.

        TONY ALLEN LOCASTRO, Plaintiff

By:   */s/ Jim Waide*
      Jim Waide, MS Bar No. 6857
      waide@waidelaw.com
      WAIDE & ASSOCIATES, P.A.
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

      ATTORNEYS FOR PLAINTIFF